IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| D'ANTHONY BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-681-MHT-CSC |
| | ) | [WO] |
| WARDEN BUTLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff D'Anthony Brown filed this *pro se* 42 U.S.C. § 1983 action while incarcerated at the Easterling Correctional Facility in Clio, Alabama.[1] Brown challenges conditions at the institution stemming from the COVID-19 pandemic. Doc. 2.

Defendants filed written reports supported by relevant evidentiary materials, including properly sworn declarations and other documents, in which they address the claims for relief presented by Brown. Defendants deny violating Brown's constitutional rights with respect to the challenged conditions. *See* Docs. 14, 15.

Upon review of Defendants' written reports and supporting evidentiary materials, the Court entered an Order on January 8, 2021, directing Brown to file a response to these reports. Doc. 16. The Order advised Brown his failure to respond to the reports would be treated as an abandonment of the claims set forth in the Complaint and as a failure to prosecute. Doc. 16 at 1. Additionally, the Order informed Brown his failure to file a

---

[1] During the pendency of this action Brown was released from custody. *See* Doc. 21 (Notice of Change of Address).

response in compliance with the Order's directives would result in a Recommendation this case be dismissed. Doc. 16 at 1.

The time allotted Brown for filing a response in compliance with the directives of the Court's January 8, 2021, Order, as extended by Orders entered February 5 & 25, 2021, and March 4, 2021, expired on March 22, 2021. As of the present date, Brown has filed no response in opposition to Defendants' reports. The Court, therefore, concludes this case should be dismissed.

The Court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the Court finds dismissal of this case is the proper course of action. The administration of this case cannot properly proceed in Brown's absence. Brown's failure to comply with the orders of the Court reflects a lack of interest in the continued prosecution of this matter. Finally, under the circumstances of this case, the Court finds any additional effort to secure Brown's compliance would be unavailing and a waste of this Court's scarce judicial resources. Consequently, the undersigned concludes this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and

expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (observing that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the Court and to prosecute this action.

The parties may file an objection to the Recommendation **on or before May 27, 2021**. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 13th day of May 2021.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE